390 A.2d 1365

FIRST PENNSYLVANIA BANK

v.

Bruce Grant BONAVENTURE, and Constance E.
Bonaventure, his wife.

Appeal of Dorothy M. RIGLER, Petitioner-Intervenor.

Superior Court of Pennsylvania.

Argued March 23, 1978.

Decided July 12, 1978.

■■■■■■■■■■■■■■■■■■■■■■■■■

Dorothy M. Rigler, appellant, in pro per.

Dean B. Stewart, Jr., Norristown, for appellee, First Pennsylvania Bank.

Stephen J. Folkman, Philadelphia, for appellees, Bonaventure, et ux.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

## OPINION

PER CURIAM:

This is a Pro Se appeal filed by Dorothy M. Rigler, who petitioned the lower court for the right to intervene in an action to quiet title, under Pa.R.C.P., Rule 1061 b(4) brought by Plaintiff-Bank against defendants, the Bonaventures, to recover possession of real property following a judicial sale. Appellant's petition was denied without a hearing, and subsequently a writ of possession was issued and executed by the sheriff who dispossessed not only the Bonaventures, but also the appellant. The Bonaventures were the mortgagors in the mortgage which was foreclosed, and on which the property was sold to Plaintiff.

After a review of the very complicated procedural history of this case, we find that there was no basis for the lower court's summary dismissal of appellant's petition to intervene without a hearing. We further find that appellant was entitled to such a hearing under Pa.R.C.P. Rule 2328. She had no opportunity to establish the allegations of her petition to intervene, and to argue their sufficiency. Furthermore, the right to possession she asserted in that petition was ignored when the writ of possession under which she was evicted was issued and served by publication.

For the foregoing reasons, that part of the order of February 15, 1977, denying her petition to intervene, and the order of February 23, 1977, denying her petition for reconsideration are reversed. The case is remanded to the lower court with directions to conduct an evidentiary hearing in compliance with Pa.R.C.P., Rule 2328 to afford appellant an opportunity to establish the facts alleged in her petition to intervene, and to argue their sufficiency. The court is to make specific findings of fact and conclusions of law relating thereto.

PRICE, J., dissents and would affirm.